1 John C. Kirkland, State Bar No. 149453
John A. Moe, II, State Bar No. 66893
2 **LUCE, FORWARD, HAMILTON & SCRIPPS LLP**
601 S. Figueroa St., Suite 3900
3 Los Angeles, CA 90017
Telephone No.: 213.892.4992
4 Fax No.: 213.452.8035
E-Mail: jkirkland@luce.com
5
Attorneys for Alleged Debtor
6 EPD INVESTMENT CO., LLC

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         LOS ANGELES DIVISION

11

| | |
|---|---|
| In re | Case No. 2:10-bk-62208-ER |
| EPD INVESTMENT CO., LLC, | Chapter 7 |
|     Alleged Debtor. | *Assigned to the Hon. Ernest M. Robles* |
| EIN No. xxx-0994 | **ALLEGED DEBTOR'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF COURT'S ORDER FOR RELIEF IN AN INVOLUNTARY CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN C. KIRKLAND IN SUPPORT THEREOF** |
| | **[Application For Order Setting Hearing On Shortened Notice Filed Concurrently Herewith]** |
| | Hearing: |
| | Date:   TO BE SET<br>Time:   TO BE SET<br>Crtrm.: 1568<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

25 **TO HONORABLE ERNEST M. ROBLES, U.S. BANKRUPTCY JUDGE, THE OFFICE OF**

26 **THE UNITED STATES TRUSTEE, ALL CREDITORS AND THEIR COUNSEL:**

27       Alleged Debtor, EPD Investment Co., LLC ("EPD"), by this Motion, requests that the Court

28 reconsider and set aside its Order for Relief and Order to File Schedules, Statements and Lists (Doc

Case No. 2:10-bk-62208 ER
**ALLEGED DEBTOR'S MOTION FOR
RECONSIDERATION OF COURT'S ORDER**

1   28) and Order For Relief In An Involuntary Case (Doc 29), both filed and entered 2/9/11. The Motion

2   is made on the grounds that (a) the Court's basis for entry of the Order, i.e. that "no pleading or other

3   defense to the petition having been filed within 21 days after service of the summons (or within any

4   longer period of time prescribed by the Court)" (Doc 28), is contested and factually incorrect,

5   because—as set forth in Alleged Debtor's Motion to Quash Service of Summons and the Declarations

6   of John C. Kirkland and Lisa M. Underkoffler (Doc 25) filed 2/2/11—the Alleged Debtor was never

7   in fact served with either the Summons and Notice of Status Conference or the Involuntary Petition,

8   (b) a default order for relief should not have been entered given that a motion to quash had been filed

9   a week earlier (Doc 25), and (c) Alleged Debtor's Objection to Petitioning Creditors' Motion for

10  Appointment of Interim Chapter 7 Trustee, filed (Doc 24) filed 1/19/11 controverted the assertions of

11  the Petition, set forth adequate factual and legal grounds to deny the Petition, and was sufficient to

12  prevent entry of a default Order for Relief.

13          **THIS MOTION IS BROUGHT ON AN _EX PARTE_ BASIS PURSUANT TO LOCAL**

14  **BANKRUPTCY RULE 9075-1(b) TO OBTAIN A HEARING ON AN EXPEDITED BASIS**

15  **BECAUSE, IF NOT IMMEDIATELY SET ASIDE, ENTRY OF THE ORDER FOR RELIEF**

16  **WILL SEVERELY DAMAGE EPD'S BUSINESS, TO THE DETRIMENT OF THE ESTATE**

17  **AND CREDITORS. THIS MOTION IS BROUGHT AT THE EARLIEST POSSIBLE TIME**

18  **FOLLOWING THE FILING OF THE ORDER FOR RELIEF IN AN INVOLUNTARY CASE.**

19  **THEREFORE WE REQUEST THAT A HEARING ON THIS MATTER BE SCHEDULES AS**

20  **SOON AS POSSIBLE BU NOT LATER THAN FEBRUARY 11, 2011.**

21          **PLEASE TAKE FURTHER NOTICE** that this Motion is based on this notice of motion, the

22  attached memorandum of points and authorities and Declaration of John C. Kirkland and Lisa M.

23  Underkoffler, Alleged Debtor's Motion to Quash Service of Summons and the Declarations of John C.

24  Kirkland and Lisa M. Underkoffler (Doc 25) filed 2/2/11, all matters of which the Court may take

25

26

27

28

Case No. 2:10-bk-62208 ER
**ALLEGED DEBTOR'S MOTION FOR
RECONSIDERATION OF COURT'S ORDER**

1  judicial notice, all pleadings and records on file herein, and all such other matters which may be

2  brought before and properly be considered by the Court before or after the hearing on the motion.

3

4  DATED:  February 9, 2011          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

5

6                                      By: /s/ John C. Kirkland

7                                          John C. Kirkland
                                           Attorneys for Alleged Debtor
8                                          EPD INVESTMENT CO., LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:10-bk-62208 ER
                                           **ALLEGED DEBTOR'S MOTION FOR
                                           RECONSIDERATION OF COURT'S ORDER**

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     THE ORDER FOR RELIEF SHOULD BE SET ASIDE, BECAUSE EPD WAS NEVER SERVED WITH SUMMONS**

Alleged Debtor EPD Investment Co., LLC ("EPD") was never served with either the Summons and Notice of Status Conference or the Involuntary Petition. (*See* Declarations of John C. Kirkland and Lisa M. Underkoffler (Doc 25) filed February 2, 2011).[1]  The Court's finding that "no pleading or other defense to the petition having been filed within 21 days after service of the summons (or within any longer period of time prescribed by the Court)" (Doc 28) is contested and factually incorrect. (*Id.*)  As set forth in Alleged Debtor's Motion to Quash Service of Summons and the supporting declarations (Doc 25), the purported Proof of Service filed by the Petitioning Creditors is both facially defective and factually inaccurate, and cannot support a default order for relief against EPD.  The Proof of Service is not filled out properly, and does not state how service was effected. (*Id.*)

Moreover, counsel for Alleged Debtor advised counsel for Petitioning Creditors on January 14, 2011 that they did not have a copy of the Petition. (*See* Unilateral Status Report of Petitioning Creditors and Creditor Michelle Hansel filed 2/4/11 (Doc 26), p. 10.) On January 21, 2011, counsel again advised Petitioning Creditors that EPD had never been served with the Summons or Petition, and stated "If you contend that the petition has been served, please advise as to how and when service was effected." (*Id.* at 9-10 (emphasis added).)  Petitioning Creditors never responded, and Alleged Debtor's counsel followed up again on January 27, 2011  (*Id.* at 9.)  Again, no response from Petitioning Creditors.  Counsel for Creditor Michelle Hansel responded with a cryptic reference to the defective and, at best, ambiguous Proof of Service.  (*Id.*.)  Alleged Debtor's counsel then gave a detailed explanation  that the Summons and Petition had never been received. (*Id.* at 8-9.)  There was again no response from Petitioning Creditors.  Finally, after multiple follow ups by Alleged Debtor's counsel, <u>after close of business on February 1, 2011</u>, Petitioning Creditors contended—for the first

---

[1] To this date, neither EPD nor its counsel has ever seen a copy of the Summons and Notice of Status Conference as completed and issued by the Court.  Counsel has only seen the blank form of Summons provided by counsel for Creditor Michelle Hansel.

1   time—that service had been effected.  (*Id.* at 5-6.)  Alleged Debtor's Motion to Quash was filed <u>the</u>

2   <u>next day</u>.

3        It cannot reasonably be said that the Alleged Debtor was dilatory or failed to act reasonably.

4   Entry of a default Order for Relief is not appropriate given these circumstances.

5

6   **II.**   **THE ORDER FOR RELIEF SHOULD BE SET ASIDE, BECAUSE A MOTION TO**

7        **QUASH WAS PENDING BEFORE IT WAS ENTERED**

8        The motion to quash service was filed a week before the Court entered its default Order for

9   Relief (Doc 25).  The Court should not have entered a default Order for Relief with a motion to quash

10  already on file.  *See* F.R.Bankr.P. 1011(c).  Even if the Court were to deny the motion, it should then

11  have set a date by which EPD was required to respond to the Petition.  *See* F.R.Civ.P 12(a)(4).

12       Creditors contend in their Unilateral Status Report of Petitioning Creditors and Creditor

13  Michelle Hansel filed 2/4/11 (Doc 26) that EPD made a general appearance by responding to their *ex*

14  *parte* motion for appointment of an interim trustee.  Assuming, *arguendo*, that were correct (which

15  EPD contests), that would, at most, justify the Court setting of a due date for EPD to respond to the

16  Petition.  It would not justify entry of a default Order for Relief.[2]

17

18  **III.**   **THE ORDER FOR RELIEF SHOULD BE SET ASIDE, BECAUSE EPD**

19       **SUFFICIENTLY CONTROVERTED THE ALLEGATIONS OF THE PETITION**

20       Petitioning Creditors cannot have their cake and eat it too.  If Alleged Debtor's response to the

21  interim trustee motion was sufficient to constitute a general appearance, it was also sufficient to

22  controvert the allegations of the Involuntary Petition.  Alleged Debtor's Objection to Petitioning

23  Creditors' Motion for Appointment of Interim Chapter 7 Trustee, filed (Doc 24) filed 1/19/11 stated,

24  inter alia, that "(1) this case was filed in bad faith, … (2) petitioning creditors have no standing to

25  _____

26  [2] Alleged Debtor was unable to participate in preparing the Status Report or attend the Status
    Conference, because Petitioning Creditors contended that, if it did so, that would also constitute a
27  general appearance. (*See* Doc 25 at 5.) The apparent purpose for Petitioning Creditors not wanting
    Alleged Debtor to attend the Status Conference was so that they could request ex parte entry of a
28  default Order for Relief.

Case No. 2:10-bk-62208 ER
**ALLEGED DEBTOR'S MOTION FOR**
**RECONSIDERATION OF COURT'S ORDER**

1    initiate an involuntary bankruptcy, because their claims are all in ongoing litigation, and subject to

2    bona fide disputes, (3) the alleged debtor is generally paying its debts as such debts become due,

3    unless such debts are the subject of a bona fide dispute...” (*See* Doc 24 at 1.)  It then set forth in detail

4    why each of these was the case.  (*Id.* at 2-9.)  This is sufficient to constitute a defense to the claim for

5    relief.  *See* F.R.Bankr.P. 1011(c).

6

7    **IV.    A DEFAULT ORDER FOR RELIEF IS NOT IN THE BEST INTERESTS OF**

8    **ALLEGED DEBTOR OR ITS CREDITORS**

9        Like most businesses, EPD is worth substantially more as a going concern.  If not set aside, the

10   Order for Relief would effectively be a death knell for EPD’s business.  It would leave the company

11   “scarred and crippled beyond any real chance for recovery.”  *See In re Rush*, 10 B.R. 518, 524 (Bankr.

12   N.D. Ala. 1980) (appointment of interim trustee).

13       An order for relief is neither necessary nor appropriate in this matter, because EPD is not

14   failing to pay its debts in the ordinary course of business.  Indeed, the only debts EPD has allegedly

15   not paid are contested claims by disgruntled investors such as Petitioning Creditors and Creditor

16   Michelle Hansel.  These claims are the subject of strenuously contested state court litigation.  (*See*

17   Request for Judicial Notice, Doc 23.)  The existence of litigation and disputed claims is not grounds

18   for a Chapter 7 bankruptcy.

19       Unfortunately, if the Order for Relief is not set aside, it will become a self-fulfilling prophecy.

20   Such an order would decimate the value of the company.  It would trigger events of default under the

21   company's material contracts, and likely cause most or all of the company's lenders, customers and

22   business partners to terminate ongoing, pending and future transactions, which are the lifeblood of any

23   company.  This would cause permanent and irreparable damage to the company and the estate, to the

24   detriment of all creditors.

25

26

27

28

1    **V.**     <u>**CONCLUSION**</u>

2       For the foregoing reasons, Alleged Debtor's motion should be granted, and the default Order

3   for Relief set aside.

4   DATED:  February 2, 2011         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

5

6                       By: <u>/s/ John C. Kirkland</u>

7                           John C. Kirkland
                          Attorneys for Alleged Debtor

8                           EPD INVESTMENT CO., LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:10-bk-62208 ER
**ALLEGED DEBTOR'S MOTION FOR
RECONSIDERATION OF COURT'S ORDER**